Kaspi v Wainstein (2018 NY Slip Op 03227)





Kaspi v Wainstein


2018 NY Slip Op 03227


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6431 113180/11

[*1]Paz Kaspi, Plaintiff-Appellant,
v
Michael Wainstein, Defendant-Respondent.


Tuttle Yick LLP, New York (Gregory Tuttle of counsel), for appellant.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 13, 2017, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.
The court properly denied plaintiff summary judgment where issues of fact exist as to whether the sum plaintiff seeks to recover is, in whole or in part, a finder's/broker's fee and whether plaintiff was a licensed real estate broker or real estate salesperson at the time he provided the purported services, as required by Real Property Law § 442-d. That defendant conceded at his deposition that he considered the letter agreement to be a stipulation of settlement is irrelevant. As this Court stated in its decision on plaintiff's prior appeal, in which he made the same argument regarding the enforceability of this agreement: "It is plaintiff who may not bring or
maintain this action if the money sought or any portion thereof is for a finder's or broker's fee and he did not have a broker's or salesman's license" (Kaspi v Wainstein, 116 AD3d 412, 412 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK